UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WESLEY DURANT,

    Plaintiff,

v.                                            Case No. 6:08-cv-2115-Orl-31DAB

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

## ORDER

This case is before the Court on the Motion to Dismiss (Doc. No. 32, filed September 8, 2009) filed by Defendants Nurse Delarosa and Walter McNeil.

Plaintiff, a prisoner of the State of Florida proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1, filed October 31, 2008). He brought this action against Defendants Walter A. McNeil, the Secretary of the Florida Department of Corrections; Nurse Delarosa; and Sergeant Delarosa. This case was dismissed without prejudice as to Defendant Sergeant Delarosa on October 7, 2009 (Doc. No. 36).

Plaintiff alleges that, on or around April 13, 2004, he underwent a "male sling operation at Florida Hospital East in Orlando Florida . . . ." Doc. No. 1, Plaintiff's Complaint at 8. That same day, he returned to the Central Florida Reception Center's infirmary. On or around April 15, 2004, he suffered an infection because the nurses at the

jail "did not want to touch [him] and clean and change [his] fresh surgical" wounds. *Id*. at 8-9. However, Defendant Nurse Delarosa did treat Plaintiff until her husband, Defendant Sergeant Delarosa, expressed to her, in Plaintiff's presence, that he (Sergeant Delarosa) was uncomfortable with her doing so because she "was touching an inmate in his private area." *Id.* at 9. Although she continued to treat Plaintiff that day, she did not do so afterwards.

On April 18, 2004, Plaintiff's infection worsened, and gangrene set in, which resulted in Plaintiff losing "all of his male organs and testicles and scrotum." He blames Defendant Nurse Delarosa for failing to continue treating him, and Defendant Sergeant Delarosa for ordering her to stop treating him. He contends that Defendants Nurse Delarosa and Sergeant Delarosa were deliberately indifferent to his serious medical needs.

Defendants allege that Plaintiff's complaint is time-barred by the applicable statute of limitations. Under federal law, a § 1983 action accrues when the plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987). "Because section 1983 does not contain a statute of limitations, reference must be made to the limitation periods prescribed by the state in which the litigation arose." *Majette v. O'Connor*, 811 F.2d 1416, 1419 (11th Cir.1987). "[T]he most appropriate statute of limitations for all section 1983 actions is the personal injury statute of limitations of the state whose law is to be applied." *Id.* Because the Florida statute of limitations for personal injury cases is four years, the applicable statute of limitations in this case is also four years. § 95.11, Fla. Stat.

In this case, Plaintiff complains of actions and constitutional violations that occurred in April, 2004. Plaintiff's complaint, however, was not filed until October 30, 2008,[1] more than four years after the date of his alleged cause of action. As such, it is clear that all of Plaintiff's claims are barred by the four-year statute of limitations, and this case must be dismissed. Based on the facts apparent from the face of the present complaint, the Court concludes that Plaintiff's complaint is barred by the applicable statute of limitations, and it is, therefore, subject to dismissal as frivolous.

Further, Plaintiff fails to assert any wrongdoing on the part of Defendant McNeill. Any conceivable liability on the part of this Defendant would be based on the doctrine of *respondeat superior*, which has clearly been rejected as a theory of recovery under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Thus, this action must be dismissed as to Defendant McNeill on this basis as well.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss (Doc. No. 32, filed September 8, 2009) is **GRANTED**, and this case is **DISMISSED**.

---

[1] The October 30, 2008, date is based on the mailbox rule, which is the date when the complaint was submitted to the prison authorities. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (Under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on date that he signed, executed, and delivered his petition to prison authorities for mailing.).

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida this 8th day of January, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 1/8
Wesley Durant